

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. S. Murchison
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. O-3061
Re: An ophthalmologist who is a
regular employee of a State
eleemosynary institution
cannot receive any pay from
the State of Texas where he
is also hired by the State
Department of Public Welfare
to examine applicants for
assistance as needy blind,
on a case by case basis.

Your opinion request of Gerald C. Mann, Attorney
General of Texas, has been received wherein your writing
appears as follows:

"The State Department of Public Welfare
law, under H. B. 611, 47th Legislature, charges
the State Department of Public Welfare with
the responsibility of administering assis-
tance to the Needy Blind. Section 15, H. B.
611 referred to, provides as follows:

"'No application for assistance as a
needy blind person shall be approved
until the applicant shall have been
examined by an ophthalmologist or phy-
sician skilled in treatment of diseases
of the eye and who is licensed to prac-
tice medicine in Texas, and who has
been approved by the State Department
to make such examination. The examin-
ing ophthalmologist or physician shall
certify, in writing upon forms prescribed
by the State Department as to the cause,
diagnosis, and prognosis, and shall make

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

recommendations as to the medical
and surgical treatment. The State
Department shall adopt a reasonable
fee schedule for such examinations.
Such fees shall be paid out of the
funds appropriated to the State De-
partment for the purpose of assis-
tance to needy blind persons under
the provisions of this Act or for
administrative expense.'

"In carrying out the provisions of this
section of the law, it will be necessary for
the State Department of Public Welfare to ob-
tain the services of an ophthalmologist for
consultative service to the Department. The
ophthalmologist selected is on the regular
payroll of the State School for the Blind
during nine months of each year--September
through May. The State Department of Public
Welfare wishes to obtain the professional
services of this ophthalmologist on an
actual case by case basis, said ophthalmolo-
gist to submit a monthly bill for services
rendered on a case basis during the nine
month period in which he is on the payroll
of the State School for the Blind."

Section 33 of Article 16 of the Constitution of
Texas prevents compensation of any agent, officer or appointee
holding two State positions as follows:

"The accounting officers of this State
shall neither draw nor pay a warrant upon the
Treasury in favor of any person, for salary
or compensation as agent, officer or appointee,
who holds at the same time any other office
or position of honor, trust or profit, under
this State or the United States, except as
prescribed in this Constitution. . . ."

The ophthalmologist you describe will not come within
the certain exceptions elsewhere prescribed in the Constitu-
tion.

In opinion No. O-2607 this department ruled that
an eye, ear, nose and throat specialist employed part time in

Honorable J. S. Murchison, Page 3

one State institution and accepting and holding a similar place in another State institution at the same time could not receive compensation for either position during the time both positions are held. A copy of this opinion is enclosed.

We believe that the ophthalmologist cannot accept and serve and receive pay from the State of Texas in another capacity in behalf of the Department of Public Welfare; and the fact that he may be paid on a case by case basis by the Department of Public Welfare will not vary our opinion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat Coon
Pat/Coon
Assistant

PC:CO

ENCLOSURE

APPROVEDAUG 21, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN